Dr. Al–Hajj Idris A. MUHAMMAD, Siraj Ibn Wahhaj, Plaintiffs–Appellants,

v.

Jayson P. AHERN, Acting Commissioner, U.S. Customs and Border Protection, et al.*, Defendants–Appellees.

No. 08–1935–cv.

United States Court of Appeals, Second Circuit.

Oct. 27, 2009.

* Jayson P. Ahern, is automatically substituted as the respondent in this case pursuant to Federal Rule of Appellate Procedure 43(c)(2).

530

Dr. Al–Hajj Idris A. Muhammad, pro se, New York, NY; Siraj Ibn Wahhaj, pro se, Brooklyn, NY, for Appellants.

Benton J. Campbell, United States Attorney, Eastern District of New York; Varuni Nelson and John Vagelatos, Assistant United States Attorneys, Of Counsel, Brooklyn, NY, for Appellees.

PRESENT: AMALYA L. KEARSE, RALPH K. WINTER and ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Plaintiffs–Appellants Dr. Al–Hajj Idris A. Muhammad, *pro se,* and Siraj Ibn Wahhaj, *pro se,* appeal from a judgment of the district court granting the Defendants' motion for summary judgment and dismissing the civil rights action brought by Muhammad and Wahhaj, in which they alleged that they were subjected to unconstitutional border stops, searches, and detentions by Customs & Border Protection agents at John F. Kennedy International Airport, upon their arrival from Saudi Arabia and Morocco, respectively. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's order granting summary judgment *de novo* and ask whether the district court properly concluded that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft,* 336 F.3d 128, 137 (2d Cir.2003) (internal quotation marks omitted). However, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. New York,* 316 F.3d 93, 100 (2d Cir.2002).

As an initial matter, the claims against the Defendants in their official capacities as federal officers are barred by sovereign immunity, and the district court correctly construed the claims against the Defendants in their individual capacities as an action pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Nar-*

*cotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

The district court properly granted summary judgment with respect to the Plaintiffs' Fourth Amendment claims in light of our decision in *Tabbaa v. Chertoff,* 509 F.3d 89 (2d Cir.2007). We explained in *Tabbaa* that "routine" border stops do not require reasonable suspicion, and that baggage searches are "routine." *Id.* at 98. Contrary to the Plaintiffs' contention, the appropriate issue for a Fourth Amendment challenge to a border stop is not the motive behind the stop, but the intrusiveness of the search. *See United States v. Irving,* 452 F.3d 110, 123 (2d Cir.2006). It is undisputed that only the baggage, and not the persons, of the Plaintiffs were searched and, accordingly, the searches were routine and did not require reasonable suspicion. *See Tabbaa,* 509 F.3d at 97–101. Moreover, the duration of the border stops at issue here—two and four hours—does not render them impermissibly intrusive. In *Tabbaa,* we held that border stops lasting up to six hours, "while certainly inconvenient, ... cannot be considered an unexpected 'level of intrusion into a person's privacy.' " *Id.* at 100 (quoting *Irving,* 452 F.3d at 123).

With respect to the Plaintiffs' claims that the border stops violated their First Amendment rights to free speech, assembly, and free exercise of religion, and their rights under the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb, they provided only conclusory allegations to support these claims, which were insufficient to withstand summary judgment. *See Davis,* 316 F.3d at 100.

Because we have determined that the district court properly granted summary judgment on the merits of the Plaintiffs'

claims, we need not reach the Defendants' argument that they are also entitled to qualified immunity.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**